CLOUD OAK FLOORING COMPANY, INC. *v.* FULKS.

5-505                                                    272 S. W. 2d 677

Opinion delivered November 22, 1954.

*Ivan Williamson* and *Ben B. Williamson,* for appellant.

*S. M. Bone,* for appellee.

MINOR W. MILLWEE, Justice.   Appellee, John Fulks, being the .owner of certain lands lying in Stone County,

Arkansas, entered into a certain lease contract demising the lands to appellant, Cloud Oak Flooring Company, Inc. Under the terms of the lease contract, appellant was to use the demised lands as a site for a saw mill, and, as a part of the consideration for the contract, appellant agreed to furnish appellee with employment during the life of the lease and while appellant continued to operate the saw mill on the demised premises. This latter agreement was incorporated in the contract as clause five and reads:

"During the life of this contract and while the saw mill of the party of the second part is in operation on the above and foregoing described lands, the party of the second part agrees to furnish employment to the party of the first part, John Fulks, at said mill at a compensation of $48.00 per 56-hour week, so long as said work and services are satisfactory to the Foreman in charge of said operations."

The contract was executed on the 18th day of March, 1952, and appellee entered upon the discharge of his duties as night watchman and janitor for the appellant on the same date. Thereafter, on September 12, 1952, appellant discharged the appellee. On April 10, 1953, appellee initiated the present action alleging that he was wrongfully discharged in violation of the contract of employment, and praying a recovery of $1,488.00 as damages for the loss of wages for the 28 weeks which had elapsed since his discharge. Then, on November 16, 1953, appellee amended his complaint asking the further sum of $1,440.00 as damages for loss of wages for 30 additional weeks. Appellant answered with a general denial and in addition alleged that appellee had earned as much or more in wages from other employment since his discharge than he would have earned had he continued in the employ of the appellant.

The evidence adduced at the trial tended to show that appellant maintained and operated a second saw mill on the adjoining land, which mill was located some 100 to 150 yards from the mill being operated on the

demised premises. It was the contention of appellant that appellee was hired as a night watchman and janitor and that his assigned duties required that he be on the job every night between the hours of 6 p.m. and 2 a.m. making regular tours of the premises and in addition, that he clean up and put in such condition that they would be ready for the next day's operation, both the mill located on the demised lands and the mill located on the adjoining lands. Appellant, in order to prove that its action in discharging appellee was justified and not in breach of the employment contract, then offered testimony to the effect that appellee had on various occasions and without permission, failed to be on the job during the prescribed hours and further sought to prove that he had not cleaned up the mill on the premises adjoining the demised lands in a satisfactory manner. Appellee's objection to evidence of his failure to properly clean up the mill on the adjoining premises was sustained by the trial court. After overruling the appellant's motion for a directed verdict at the close of the appellee's evidence, and at the close of all the evidence, the court submitted the case to the jury who found for the appellee and assessed his damage at $800.00 together with the sum of $150.00 as rental of the demised lands for the first year as per the lease contract.

Appellant argues for reversal that the court erred in rejecting the testimony tending to show that appellee did not clean up the mill located on the lands belonging to another adjoining the demised premises in a satisfactory manner, and in refusing an instruction requested by appellant on this theory. We think the trial court properly limited the testimony in accordance with the written lease contract which confined appellee's duties to the mill located on the demised premises. Even if appellant had pleaded a modification of the written contract in this respect, there was substantial evidence to sustain a finding that appellee properly watched and cleaned up both mills to the satisfaction of the foreman in charge of operations. It is unnecessary to detail the evidence relating to the questions of whether appellee properly

performed his duties under the contract or was discharged without just cause. When the conflicting evidence adduced on these issues is considered in the light most favorable to appellee, it is substantial and sufficient to support the verdict.

The judgment is affirmed.